(No. 75-CV-122–

MATTHEW BEVENS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1975.*

MATTHEW BIVENS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred December 7, 1973, at 15267 Vincennes Road, Cook County, Phoenix, Illinois. Matthew Bivens, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Matthew Bivens, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

 "Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on December 7, 1973, the claimant was shot in the chest by one of three men who were in the process of robbing a tavern at 15267 Vincennes Road, Phoenix, Illinois. Prior to the shooting, the claimant was doing some work in the back of the tavern.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence that the claimant's injuries were in any way attributable to his wrongful act or the substantial provocation of his assailant.

4. That the claimant was transported by police ambulance to Ingalls Memorial Hospital in Harvey, Illinois where he was treated for his injuries by Dr. Frederick Weiss. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the At-

torney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension and prosecution of the assailants.

7. That three men have been charged with attempted murder of the claimant and armed robbery. One of them, Michael Anderson, has pled guilty and was sentenced to five years. The other two, Herman Perrian and Johnny Proctor are scheduled for trial May 28, 1975, in the Circuit Court of Cook County in the Courtroom of Judge Wendt.

8. That the claimant seeks compensation for hospital and medical expenses.

9. That the claimant has incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $1,610.60 |
| 2) | Medical | 220.00 |
| 3) | Carfare/Outpatient treatment | 25.60 |

$1,856.20

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension

plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .).”

11. That, in the claim before us, the claimant has not received benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9, leaves a loss compensable under the Act of $1,656.20. Hence, the claimant is entitled to an award in the amount of $1,656.20.

IT IS HEREBY ORDERED that the total sum of $1,656.20 be awarded to the claimant, Matthew Bivens, as the innocent victim of a violent crime.